The Honorable Randy Minton State Representative 880 Minton Road Ward, AR 72176-8618
Dear Representative Minton:
This is in response to your request for an opinion on the following question:
Does the absence of language in Ark. Code Ann. 22-9-203 describing the use of deductive alternates by public entities in the bidding procedures of public entities forbid entities from using deductive alternates in the bidding process for the construction of facilities?
RESPONSE
It is my opinion that the answer to this question is "yes," following the amendment of A.C.A. § 22-9-203 by Act 675 of 1999.
As you note, Act 675 removed the language from A.C.A. § 22-9-203
regarding the use of deductive alternates in the award of public construction projects. Prior to its amendment by Act 675, this Code section recognized that the plans and specifications for a project may require "bidding on alternates" in addition to a base bid. See A.C.A. §22-9-203 (e) (f) ((Repl. 1996). Under the procedure formerly set forth in subsection (f), if alternates were required and all bids exceeded the amount appropriated for the project, the "state agency" could determine the low bidder "by deducting the alternates in numerical order." Id.[1]
Subsection (f) of § 22-9-203 was deleted by Act 675 of 1999. See A.C.A. § 22-9-203 (Supp. 1999). The reference to "bidding on alternates" in former subsection (e) (authorizing negotiations "if bidding on alternates was not required by the plans and specifications") was also deleted. Id.
The legislature has thus removed all references to "alternates" in the award process under § 22-9-203. I must conclude from this legislative history that public entities are no longer authorized to use deductive alternates in the bidding process. The basic rule of statutory construction is to give effect to the intent of the legislature, and when a statute is clear, it is given its plain meaning. Hercules, Inc. v.Pledger, 319 Ark. 702, 894 S.W.2d 576 (1995). The Arkansas Supreme Court will also look to changes to statutes made by subsequent amendments to determine legislative intent. See generally State Farm Mut. Auto. Ins.Co. v. Beavers, 321 Ark. 292, 901 S.W.2d 13 (1995). The legislative intent in this instance seems clear. School districts must comply with the bidding procedures set forth in A.C.A. § 22-9-203 (a) where the estimated costs of the work exceed $50,000. A.C.A. § 22-9-203 (a) (Supp. 1999). These bidding procedures no longer include the use of deductive alternates.[2]
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] It has previously been opined that the term "state agency," when viewed in light of § 22-9-203 as a whole, has reference to each of the entities and subdivisions listed in subsection (a) thereof, including school districts. See Op. Att'y Gen. 94-185. I agree with this conclusion.
[2] You make the statement that the only alternative school districts now have if the low bid is out of the budget is to reject all bids and redesign and re-bid the project. Subsection (e) of A.C.A. § 22-9-203
(Supp. 1999) should, however, be noted. This provision authorizes the "state agency or its designated representative" to "negotiate an award with the apparent responsible low bidder, but only if the low bid is within twenty-five percent (25%) of the amount appropriated." As noted above (n. 1, supra), it is my opinion that the term "state agency" in this Code section includes school districts.